## In re JAQUES.
### Patent Appeal No. 3192.

Court of Customs and Patent Appeals.
Feb. 26, 1934.

Darby & Darby, of New York City (Samuel E. Darby and Louis D. Fletcher, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 1, 2, and 3, in appellant's application for a patent for an alleged invention relating to improvements in garment hangers.

The claims read:

"1. A garment hanger formed from a single length of bendable wire or rod bent upon itself at its mid-length portion the bent portions being twisted together to form a shank and bent into a suspending hook, the free arms of the hanger extending in opposite directions from said shank, and bent or curved downwardly therefrom, and each having an off-set garment strap or tape receiving and retaining seat formed therein.

"2. A garment hanger formed from a single length of bendable wire or rod bent upon itself at its mid-length portion the bent portions being twisted together to form a shank and bent into a suspending hook, the free arms of the hanger extending in opposite directions from said shank, and bent or curved downwardly therefrom, and each having an off-set garment strap or tape receiving and retaining seat formed therein, the terminal ends of said arms being sharply bent or curved inwardly.

"3. A garment hanger formed from a single length of bendable wire or rod bent upon itself at its mid-length portion the bent portions being twisted together to form a shank and bent into a suspending hook, the free arms of the hanger extending in opposite directions from said shank, and bent or curved downwardly therefrom, and each having an off-set garment strap or tape receiving and retaining seat formed therein, said seats having recesses at their ends to receive and hold the garment tapes flatwise."

The references are: Leimberger, 737,252, August 25, 1903; Bohdal, 1,526,692, February 17, 1925; Reid, 1,542,320, June 16, 1925; Serposs, 1,758,807, May 13, 1930.

The device disclosed and claimed by appel-

lant is sufficiently described in the quoted claims.

The patent to Leimberger relates to garment hangers "for coats and trousers or for jackets and skirts." The hangers, made of wire, have downwardly curved arms, the terminal ends of which are curved or curled inwardly to form loops.

The patent to Bohdal relates to a "combined coat and skirt hanger" made of a single length of resilient wire. The wire is bent upon itself at its mid-length portion, being twisted to form a "suspending hook" and also downwardly curved arms. The patentee disclosed, among other forms, a device designed for use solely as a skirt hanger. At the lower-most portion of its downwardly curved arms, the wire is bent upwardly and inwardly, "defining," as stated by the patentee, "upwardly converging skirt engaging portions or shoulders." The ends of the wire at the upper extremities of such "shoulders" are looped outwardly "to form overhanging stop members."

The patent to Reid relates to garment hangers, and discloses, among other forms, one composed of a single strand of wire.

The patent to Serposs relates to garment hangers, and discloses a device comprising a "suspending hook" and downwardly curved arms. Each of the arms is provided with a cut out portion or recess, described in the patent as "an elongated channel provided with approaching overhanging walls forming a narrow entrance to the elongated channel." Such recesses were designed and intended to receive and hold the shoulders or shoulder straps of women's garments.

It is apparent that it was old in the art, as disclosed by the patents to Bohdal and Reid, to form a garment hanger from a single length of wire bent upon itself at its mid-length. It was also old, as disclosed in the patent to Serposs, to provide a garment hanger with an "off-set garment strap or tape receiving and retaining seat," such as claimed by appellant. It is true that the patentee, Serposs, did not state that his device might be formed from a single length of wire, and that the drawings of the patent, and the language contained in the specification, indicate that the patentee had in mind the use of some other material, such as wood. Nevertheless, we are of opinion that, in view of the patents to Bohdal and Reid, which disclose various types of garment hangers made of single strands of wire, it would be obvious to one skilled in the art to include the Serposs strap or tape receiving and retaining seat in a gar-

ment hanger made of a single strand of wire. The feature "the terminal ends of said arms being sharply bent or curved inwardly," set forth in claim 2, is clearly disclosed in the patent to Leimberger.

Counsel for appellant argues that the claimed device is new and useful; that it is of simple and cheap construction; that it is not anticipated by any one of the references; and that it is, therefore, patentable.

We can readily understand how one, not having the prior art before him, might well believe that a novel and useful device, such as that defined by the appealed claims, involved invention. However, we must dispose of the issues here, as in similar cases, upon the hypothesis that appellant was familiar with the prior art.

We are of opinion that, with the references before him, appellant's structure would be obvious to one skilled in the art, and that the appealed claims are, as held by the tribunals of the Patent Office, clearly unpatentable.

For the reasons herein stated, the decision of the Board of Appeals is affirmed.

Affirmed.